CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 03, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KARSTEN O. ALLEN, ) | |
|     Plaintiff, ) | Civil Action No. 7:22cv00722 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| J. ELY, et al., ) | By:  Robert S. Ballou |
|     Defendants. ) | United States District Judge |

Karsten O. Allen, a Virginia inmate proceeding *pro se*, has filed a civil rights action under 42 U.S.C. § 1983, alleging retaliation by prison officials, including false disciplinary charges, denial of hygiene products, and deliberate indifference to medical needs.  The defendants have filed a motion to revoke *in forma pauperis* status and dismiss the complaint without prejudice, based on 28 U.S.C. § 1915(g),  because Allen previously had three suits dismissed for failure to state a claim, subjecting him to the requirement that he fully prepay the necessary filing fees when filing a civil rights action, which Allen has not done.  For the reasons stated below, I grant the motion to dismiss.

Allen mailed his complaint on December 12, 2022, and it was received by the court on December 15, 2022.  On that same date, the court entered an order conditionally filing the suit, assessing a filing fee, and instructing Allen to submit his prisoner trust account and statement of assets to allow the court to determine if he qualified to proceed *in forma pauperis*.  The order specifically advised Allen that:

> [A] prisoner may not bring a civil action without complete prepayment of the appropriate filing fee and . . . administrative fee, if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury.

Order, Dec. 15, 2022, ¶ 5, ECF No. 3.

Allen returned his trust account form and statement of assets, and the court directed him to sign and return a consent to have the filing fee withheld from his trust account in installments, which would complete his application to proceed *in forma pauperis*. This order again advised Allen that his ability to proceed *in forma pauperis* would be limited if he had three prior civil rights actions or appeals that had been dismissed for failure to state a claim for which relief could be granted. Order, Jan. 10, 2023, ¶ 5, ECF No. 5. Allen returned the consent form, and the court granted his motion to proceed *in forma pauperis*. The court did not realize that Allen had previously had several matters dismissed for failure to state a claim.

The defendants subsequently filed a motion to revoke Allen's *in forma pauperis* status and to dismiss the suit because Allen is not eligible for *in forma pauperis* status under 28 U.S.C. § 1915(g) and failed to pay the filing fee up front. Prior to filing this action, Allen had already had three cases dismissed by the district court, without prejudice, and two appeals dismissed by the Fourth Circuit Court of Appeals for failure to state a claim upon which relief may be granted: *Allen v. Coleman*, No. 7:21cv241, 2022 WL 885906 (W.D. Va. March 25, 2022), *aff'd*, No. 22-6469, 2022 WL 112255 (4th Cir. Nov. 22, 2022); *Allen v. Fields*, No. 7:21cv244, 2022 WL 885775 (W.D. Va. March 25, 2022), *aff'd*, No. 22-6473, 2022 WL 17103842 (4th Cir. Nov. 22, 2022); and *Allen v. Sater*, No. 7:21cv230, 2022 WL 2806469 (W.D. Va. July 18, 2022), *aff'd*, No. 22-6930, 2023 WL 3055224 (4th Cir. April 24, 2023)[1]. Under 28 U.S.C. § 1915(g), Allen cannot proceed with this suit because he did not prepay the filing fee, unless he is in imminent

---

[1] The appellate order dismissing this suit was entered after this action was filed; nonetheless, five dismissal orders had been entered before this action was filed, three by the district court and two by the appellate court. Noting that the statute treats the trial and appellate stages of litigation as distinct, the United States Supreme Court held that a case dismissed by the district court counted as a strike, even though the case was on appeal when the next action was filed. *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).

danger of serious physical injury. The "three-strikes" provision is mandatory. *Blakely v. Wards*, 738 F.3d 607, 619 (4th Cir. 2013) (Wilkinson, J., concurring). A dismissal for failing to state a claim counts as a strike whether the dismissal is with prejudice or without prejudice. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

The only exception to the § 1915(g) mandate that an inmate with three strikes prepay his filing fees is if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Allen's allegations do not support a finding of imminent danger of serious physical injury. The only allegation of physical pain is that guards required Allen to walk back to his cell from the medical unit even though he had severe back pain. That event occurred in the past and does not support an inference of future physical injury, either imminent or remote. "[P]ast allegations of danger or threats of harm *on their own* are insufficient to satisfy the [imminent danger] exception." *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022).

Because Allen had three or more prior civil rights actions dismissed for failing to state a claim upon which relief may be granted, and he has not demonstrated imminent danger of serious physical harm, he is not entitled to proceed without prepayment of filing fees. When an inmate may not proceed *in forma pauperis* because of the three-strike rule, and the filing fee has not been prepaid, "the proper procedure is for the district court to dismiss the case without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). He may not pay the filing fee after being denied *in forma pauperis* status but "must pay the filing fee at the time he *initiates* the suit." *Id.*

I will grant the motion to revoke Allen's *in forma pauperis* status and dismiss his complaint without prejudice. An appropriate order will be entered.

    Enter: April 2, 2024

    /s/ Robert S. Ballou

    Robert S. Ballou
    United States District Judge